*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

26067. JERNIGAN *v.* THE STATE.

Decided April 8, 1937.

*Swift Tyler Jr., Ernest Watts,* for plaintiff in error.

*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

MacIntyre, J. The controlling question raised by Alex Jernigan's certiorari is whether the evidence supports his conviction for possessing whisky. The judge, acting without the intervention of a jury, was warranted to conclude, from the testimony of the two arresting officers, that after watching a certain house in Fulton County for some time and seeing the defendant "going in and out of the house each time" they entered it and found in it the defendant and a woman; that the officers searched the house and found in the attic over the back porch "two gallons of whisky in kegs, one gallon of whisky in a jug, five gallons of whisky in cans, twelve quarts and nine pints of whisky in bottles;" that the defendant "admitted that he lived there, and stated that he knew that the woman didn't have anything to do with the whisky and didn't know anything about it, and asked us not to arrest her;" and that "about two years ago" the defendant had been convicted of possessing "several hundred gallons of whisky" on "the Roxboro Road." The defendant stated to the jury substantially that he lived at "No. 1446 North Boulevard with his brother-in-law," and not in the house where the whisky was found; that he came

to that house to see Harry Tibbs, and dropped off to sleep while waiting for Tibbs, and that "the next thing he knew Mr. Moore was shaking him and asking about some whisky;" and that he had no knowledge of the whisky. One Chapman testified that he knew the defendant lived at "1446 Boulevard N. E." Mr. Johnson swore that he rented 524 East Avenue, and Harry Tibbs agreed to pay him $25 a month for the privilege of keeping his whisky there; that Tibbs "brought the liquor there and stayed there with him until the date of this raid," that the witness had not seen Tibbs since; and that Tibbs "put the whisky in the attic with his full knowledge and consent." Our view is that the judge, who was the sole trior of the credibility of the witnesses and the weight of the evidence, was warranted in finding the defendant guilty. The certiorari was not meritorious, and was properly overruled.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*